UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUDDENE MILLER,

    Petitioner,

v.

    CASE NO. 2:10-CV-10237
    HONORABLE LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

NICK LUDWICK,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO AMEND PETITION, DENYING WITHOUT PREJUDICE THE MOTIONS TO HOLD THE HABEAS PETITION IN ABEYANCE, AND DIRECTING PETITIONER TO NOTIFY THE COURT IF HE WISHES TO WITHDRAW PETITION TO PURSUE THE UNEXHAUSTED CLAIMS IN STATE COURT**

Ruddene Miller, ("Petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree premeditated murder, M.C.L.A. 750.316(1)(a); first-degree felony murder, M.C.L.A. 750.316(1)(b); and felony firearm, M.C.L.A. 750.227b. On July 13, 2010, petitioner filed a motion to hold the petition in abeyance so that he can return to the state courts to file a post-conviction motion for relief from judgment to exhaust additional claims. On March 15, 2011, petitioner filed a motion to amend the habeas petition in which he seeks to add four new claims for relief to his petition. In this motion, petitioner again asks for his habeas petition to be held in abeyance pending the exhaustion of these new claims in the state courts. For the reasons that follow, the motion to amend the petition for writ of habeas corpus is DENIED. The Court will DENY WITHOUT PREJUDICE the motions to hold the petition for writ

1

of habeas corpus in abeyance.

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15(a) of the Federal Rules of Civil Procedure provides that where, as here, a responsive pleading has been filed, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* A "strong presumption" exists that all available state remedies must be exhausted before a petitioner files a petition for writ of habeas corpus. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In addition, federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)); *See also Nasr v. Stegall,* 978 F. Supp. 714, 716 (E.D. Mich. 1997).

The Sixth Circuit has indicated that when a habeas petitioner has filed a motion to amend a habeas petition to include unexhausted claims, "the optimal course of action" is for the district court to deny the motion to amend and to provide the habeas petitioner with "the option of either proceeding with ... [the] exhausted claims or withdrawing [the] petition and pursuing [the

unexhausted] claim[s] in state court." *Rockwell v. Yukins*, 217 F. 3d 421, 424 (6th Cir. 2000).

The Court will therefore deny the motion to amend the habeas petition. The Court will also order petitioner to notify this Court, within thirty days of this order, whether he wishes to withdraw his petition in order to exhaust his four new claims with the state courts. If petitioner informs this Court that he wishes to pursue his unexhausted claims in the state courts, the Court will then decide whether to dismiss the petition without prejudice or stay further proceedings and hold the petition in abeyance pending the exhaustion of state court remedies. If petitioner decides to proceed only with the claims that are contained in his original habeas petition, he need not take any action and the Court will proceed to the merits of those claims after the thirty day time period has passed. *See Maybee v. Ocwieja*, No. 2009 WL 3188677, *1 (E.D. Mich. Sept. 29, 2009). Therefore, the Court will deny petitioner's motions to hold the petition in abeyance as premature.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's motion to amend petition [Dkt. # 9] is **DENIED.**

The Court will further **DENY** without prejudice petitioner's motions to hold the habeas petition in abeyance [Dkt. ## 8, 9].

It is further **ORDERED** that Petitioner is **DIRECTED** to notify the Court in writing, within **thirty (30) days** of the date of this order, whether he wishes to withdraw the petition in order to return to state court to pursue his unexhausted claims. If petitioner timely notifies the Court that he wishes to pursue his unexhausted claims, the Court will then decide whether to dismiss the petition without prejudice or stay further proceedings and hold the petition in abeyance pending the exhaustion of state court remedies. If petitioner wishes to proceed only with the claims contained in his original petition, he need not take any action and the Court will proceed to the merits of those

3

claims after the thirty-day time period has passed.

    IT IS SO ORDERED.

                                    S/Lawrence P. Zatkoff
                                    LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2011

### CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 30, 2011.

                                    S/Marie E. Verlinde
                                    Case Manager
                                    (810) 984-3290